**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

ANTHONY RODRIGUEZ-HORVATH,
    *Plaintiff*,

      v.

C/O JACKOVINO, et al.,
    *Defendants.*

No. 3:26-cv-778 (OAW)

## INITIAL REVIEW ORDER

The self-represented plaintiff, Anthony Rodriguez-Horvath, is a sentenced inmate housed at New Haven Correctional Center ("NHCC").[1] Plaintiff brings claims of Eighth Amendment violations against Lieutenant John Doe and Correction Officers Jackovino, Mejiero, and Dipieantonio in their individual and official capacities.[2]

The Prison Litigation Reform Act requires federal courts to review complaints brought by prisoners seeking relief against a governmental entity or against the officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the court must dismiss the complaint, or any portion thereof, which is frivolous or malicious, which fails

---

[1] The court may take judicial notice of relevant matters of public record." *Sanchez v. RN Debbie*, 2018 WL 5314916, at *2 (D. Conn. Oct. 26, 2018) (citing *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012)). The publicly-available DOC website shows Plaintiff was sentenced on August 28, 2024, to a two-year term of incarceration, and that he has a maximum release date of August 27, 2026. *See* "Connecticut State Department of Correction: Inmate Information," available at https://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=418299 (last visited June 22, 2026).

[2] Plaintiff also asserts state common law claims of assault and battery. In this initial review under 28 U.S.C. § 1915A, the court only considers whether Plaintiff states any plausible claims under 42 U.S.C. § 1983. That is because the core purpose of an initial review order is to make an initial determination of whether the lawsuit may proceed at all in federal court. If there are no facially plausible federal law claims against any of the named defendants, then the court would decline to exercise supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367. On the other hand, if there are any viable federal law claims, then the validity of any state law claims may be addressed in the usual course by way of a motion to dismiss or motion for summary judgment.

1

to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  In accordance therewith, the court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review.  The court's conclusions follow.

I.    **ALLEGATIONS**[3]

The court does not include herein all of the allegations from the complaint, but summarizes the facts to provide context for this review.

On December 13, 2026, at approximately 10 a.m., Defendants Jackovino and Mejiero passed out lunch trays, but the tray Plaintiff received was incomplete.  Plaintiff brought this to the attention of Defendant Jackovino, who responded with profanity, but who then opened Plaintiff's cell door although Plaintiff was not fully dressed.  Despite Plaintiff's state of undress, he was made to step out of his cell.  Defendant Jackovino stepped inside and inspected the tray, touching the food with his hands.

As Plaintiff stepped back into his cell, Defendant Mejiero slapped him on the back of his shoulder, which made Plaintiff lose his balance and stumble.  Defendant Jackovino got mad at him for stumbling.

A half hour later, Defendant Jackovino returned to Plaintiff's cell with a new tray and said, "Tell me thank you, Dad."  ECF No. 1 at 4.  When Plaintiff refused, Defendant Jackovino simply showed him the tray, telling him to look at what he might have had, before walking away with it.

---

[3] All factual allegations are drawn from the complaint and are considered to be true during initial review.

When Defendant Jackovino later returned, Plaintiff asked to call the lieutenant, but Defendant Jackovino refused.  Defendant Dipieantonio also refused Plaintiff's request to speak to a lieutenant. Plaintiff's requests for mental health assistance also were denied multiple times.

While Defendant Doe was conducting his tour, Plaintiff asked him what was going on.  Defendant Doe indicated that there was something "more important" happening in the medical department and then left.

## II.      DISCUSSION

Section 1983 "provides a private right of action against any person who, acting under color of state law, causes another person to be subjected to the deprivation of rights under the Constitution or federal law."  *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999).  The court construes Plaintiff's complaint to assert Eighth Amendment claims arising from the withholding of his lunch, verbal harassment, the withholding of mental health treatment, the use of excessive force, and sexual harassment.

To state his Eighth Amendment claims, Plaintiff must allege facts sufficient to satisfy both an objective element and a subjective element.  The objective component requires a showing that "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation."  *Hudson v. McMillian,* 503 U.S. 1, 8 (1992) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 303 (1991)).  Analysis of the objective component is context specific, requiring review of the conduct alleged against "contemporary standards of decency."  *Id.* at 9 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).  The subjective component requires a plaintiff to show that "the defendant official acted with a sufficiently

culpable state of mind, such as deliberate indifference to inmate health or safety." *Edwards v. Quiros*, 986 F.3d 187, 192 (2d Cir. 2021) (quoting *McCray v. Lee*, 963 F.3d 110, 117 (2d Cir. 2020)). "Deliberate indifference is more than negligence—it requires a showing that the prison official 'kn[e]w of, and disregard[ed], an excessive risk to inmate health or safety' from the challenged condition of confinement." *Id.* (quoting *Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012)) (alterations in original).

The court reviews each claim within this framework, giving due consideration to the specific context of each claim.

### A.  <u>Personal Involvement</u>

In order to "hold a state official liable under [Secion] 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (**"**It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'") (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir.1991)). "[T]here is no special rule for supervisory liability." *Tangreti*, 983 F.3d at 618.  Instead, Plaintiff "must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

Here, the only fact Plaintiff alleges about Defendant John Doe is that he advised Plaintiff "something more important" was going on in the medical unit and then walked away.  These alleged facts do not support an inference of Defendant Doe's direct

involvement in any violation of Plaintiff's constitutional or federal rights.  Accordingly, the court dismisses Defendant Doe from this action.

### B.  <u>Withholding of Food</u>

The Constitution neither permits inhumane conditions in prisons, nor demands comfort.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  The Eighth Amendment, which forbids cruel and unusual punishment, prohibits conditions in state prisons that subject incarcerated individuals to the "wanton and unnecessary infliction of pain."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  To state a cognizable claim based on the conditions of his confinement, an inmate must identify the "deprivation of a single, identifiable human need such as food, warmth, or exercise."  *Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (noting that "low cell temperature at night combined with a failure to issue blankets" may establish an Eighth Amendment violation).  Thus, a "substantial deprivation of food" may satisfy the objective element.  *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983).  The inquiry focuses on the severity and the duration of the condition. *Willey v. Kirkpatrick*, 801 F.3d 51, 68 (2d Cir. 2015).  But there is no bright-line rule "to determine whether a deprivation is sufficiently serious; '[t]he conditions themselves must be evaluated in light of contemporary standards of decency.'"  *Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012) (quoting *Blissett v. Coughlin*, 66 F.3d 531, 537 (2d Cir.1995)) (alteration in original).

Here, Plaintiff alleges that he was deprived of his lunch on one occasion.  He does not allege facts to support an inference that he otherwise lacked nutritionally adequate food while confined at NHCC.  Generally, a single missed meal is insufficient to support an Eighth Amendment claim.  *See Zielinski v. Annucci*, 547 F. Supp. 3d 227, 236 (N.D.N.Y. 2021) (finding the denial of two meals on one day, and another meal almost

two months later, to be insufficient to state an Eighth Amendment claim); *Woodward v. Ali*, No. 9:13-CV-1304 LEK/RFT, 2015 WL 5711899, at *12 (N.D.N.Y. Sept. 29, 2015) (finding that a "failure to provide food must present an immediate danger to the prisoner's health" in order to be actionable).

Although the court does not minimize Defendant Jackovino's alleged conduct, Plaintiff's allegations do not support a plausible claim.

### C. Verbal Harassment

Plaintiff's allegations suggest that Defendant Jackovino subjected Plaintiff to verbal harassment.  But verbal harassment generally does not rise to the level of a constitutional violation. *See Cole v. Fischer*, 379 F. App'x 40, 43 (2d Cir. 2010) ("[V]erbal harassment, standing alone, does not amount to a constitutional deprivation . . . ."); *Cuoco v. Moritsugu,* 222 F.3d 99, 109 (2d Cir. 2000) (noting that "rudeness and name-calling does not rise to the level of a constitutional violation.").  Courts generally dismiss Eighth Amendment claims based on prison officials' comments absent some other exacerbating circumstance.  *See, e.g., Willey v. Kirkpatrick*, 801 F.3d 51, 70 (2d Cir. 2015) (indicating that a plaintiff's "psychological pain and resulting suicide attempt" caused by harassment may be actionable despite leaving no physical injury); *Green v. City of New York Dep't of Corr.*, No. 06CIV.4978(LTS)(KNF), 2008 WL 2485402, at *6 (S.D.N.Y. June 19, 2008) (dismissing an Eighth Amendment claim where verbal threats were "unaccompanied by any physical act or any indication that the threat will be carried out."); *Burns v. Martuscello*, 890 F.3d 77, 91 (2d Cir. 2018) (noting that "a number of courts have found an Eighth Amendment violation where a guard publicly labels an inmate as a snitch, because of the likelihood that the inmate will suffer great violence at the hands of fellow prisoners.").

Although Defendant Jackovino may have caused Plaintiff discomfort, the alleged facts do not present any exacerbating circumstances. Accordingly, any Eighth Amendment verbal harassment claim is not plausible.

### D. Mental Health Treatment

Prison officials violate the Eighth Amendment if they are deliberately indifferent to the serious mental health needs of a sentenced prisoner. *See Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) ("The Eighth Amendment forbids 'deliberate indifference to serious medical needs of prisoners,' which includes needs for mental health care.") (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)) (internal citations omitted). To satisfy the objective element of this specific claim, the plaintiff must allege "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011). "This inquiry requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). Factors to consider include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir.1992)) (alteration in original). As to the subjective element, it is not enough to allege medical malpractice unless the malpractice involves culpable recklessness—actions that evince "a conscious disregard of a substantial risk of serious harm." *Id.* at 703 (2d Cir. 1998)

(quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir.1996)) (internal quotation marks omitted).

Plaintiff's allegations fail to satisfy either the objective or the subjective element of this analysis. There is no allegation that Plaintiff suffered from an objectively serious mental health condition. Nor do any facts suggest any Defendant was aware Plaintiff was suffering from a serious mental health condition when he asked for mental health staff. Accordingly, Plaintiff has not alleged a plausible claim of Eighth Amendment deliberate indifference to his mental health needs against any Defendant.

### E. **Excessive Force**

The core judicial inquiry with respect to the objective component of an excessive force claim looks to "the nature of the force—specifically, whether it was nontrivial," and with respect to the subjective component, the court determines whether the force "was applied maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010). A *de minimis* use of force is generally insufficient to constitute an Eighth Amendment violation, though, except where that force is of a kind that is "repugnant to the conscience of mankind." *Id.* at 37–38 (quoting *Hudson v. McMillian*, 503 U.S. 1, 10 (1992)) (internal quotation marks omitted).

Plaintiff complains that Defendant Mejiero slapped him on his shoulder while he was returning to his cell, causing him to lose his balance and stumble. These allegations show only a *de minimis* use of force of a sort that is not repugnant to the conscience of mankind. Accordingly, Plaintiff has not alleged a plausible Eighth Amendment excessive force claim.

### E. Sexual Harassment

Plaintiff complains that Defendant Jackovino opened his cell door while he was not fully dressed, which the court construes as a sexual harassment claim.  The United States Court of Appeals for the Second Circuit has held that "sexual abuse of a prisoner by a corrections officer may in some circumstances violate the prisoner's right to be free from cruel and unusual punishment."  *Boddie v. Schnieder*, 105 F.3d 857, 860–61 (2d Cir. 1997).  Nevertheless, the Second Circuit requires the prisoner to allege "a harm of federal constitutional proportions," which entails more than "isolated episodes of harassment and touching . . . ."  *Id.* at 861.

The single incident Plaintiff describes is not "a harm of federal constitutional proportions."  There was no sexual contact alleged, or even innuendo, and it appears that Defendant Jackovino needed Plaintiff to exit the cell in order to verify that the food tray was incomplete.  Accordingly, any claim of sexual harassment in violation of the Eighth Amendment must be dismissed as not plausible.

### F. Violation of DOC Administrative Directives

Plaintiff several times states that Defendants' conduct violated several DOC Administrative Directives.  But a prison official's failure to comply with prison regulations or directives is not actionable under Section 1983.  *See Fine v. UConn Med.*, No. 3:18-CV-530 (JAM), 2019 WL 236726, at *9 (D. Conn. Jan. 16, 2019) (noting that a defendant's "failure to comply with prison regulations or administrative directives" does not constitute a basis for relief under Section 1983 because "a prison official's violation of a prison regulation or policy does not establish that the official has violated the Constitution or is

liable to a prisoner under [Section] 1983.") (citing *Harris v. Taylor*, 441 F. App'x 774, 775 (2d Cir. 2011)).

Accordingly, there can be no Section 1983 claim based on violations of administrative directives, and any such claim is dismissed.

### H.    Official Capacity Relief

Finally, the court addresses Plaintiff's claims for official capacity relief.  In the first instance, any claims for monetary damages against the state employee Defendants in their official capacities are barred by the Eleventh Amendment.  *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  And Plaintiff cannot proceed against any defendant for declaratory or injunctive relief because he has not stated any ongoing violation of his federal or constitutional rights.  *See Henderson v. Quiros*, No. 3:21-CV-1078 (VAB), 2021 WL 5359739, at *8 (D. Conn. Nov. 17, 2021) (dismissing official capacity claims absent any continuing or ongoing federal or constitutional violation); *Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 406–07 (S.D.N.Y. 2010) (stating that injunctive relief is a remedy, not a claim, and requests for the same are dismissed with the underlying claim).  Accordingly, Plaintiff's official capacity claims are dismissed as not plausible.

### III.    ORDERS

For the foregoing reasons, Plaintiff's entire complaint is dismissed for failure to state a claim.

Plaintiff hereby is granted **one** opportunity to file an amended complaint if he wishes to correct the deficiencies of his claims as identified in this Initial Review Order. Plaintiff is advised that an amended complaint—if filed—will completely replace the prior

complaint and amended complaints filed in this action, and that no portion of any prior complaint or amended complaint shall be incorporated into his amended complaint by reference.  Plaintiff's amended complaint is due on or before **August 21, 2026.**  If Plaintiff does not file an amended complaint within that time period, the court will close this case.

    **IT IS SO ORDERED** at Hartford, Connecticut, this 22nd day of June, 2026.


_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE